UNITED STATES of America

v.

CENTRAL CONTRACTING CO., INC.

Civ. A. No. 81–0834–R.

United States District Court,
E. D. Virginia,
Richmond Division.

Feb. 2, 1982.

Raymond A. Carpenter, Asst. U. S. Atty., Richmond, Va., Hays Gorey, Jr., U. S. Dept. of Justice, Washington, D.C., for plaintiff.

Thomas G. Slater, Jr., Hunton & Williams, Richmond, Va., for defendant.

## ORDER

WARRINER, District Judge.

On 15 December 1981 the Court issued an order directing the parties to furnish information so as to comply with the prescription of Section 2(b–g) of the Antitrust Procedures and Penalties Act (hereinafter "the Act"). 15 U.S.C. § 16(b–g). 527 F.Supp. 1101. Both parties have submitted statements by which they assert their compliance with the Act.

The Court has before it, however, little more information as a result of these statements than when the proposed consent decree was originally filed. The defendant's explanation as to why it did not file a statement pursuant to Section 2(g) of the Act, 15 U.S.C. § 16(g), though adequate to satisfy the letter of the statute, certainly fails to comply with the spirit of the statute. If indeed there were no communications that required disclosure this information should have been made a part of the record at the outset of the period designed for public scrutiny and comment on the proposed consent decree, not at the tail end.

■ Section 2(b) and (c) of the Act, 15 U.S.C. § 16(b) & (c), directs the United States to publish specified information in the Federal Register and in newspapers of general circulation both in the Eastern District of Virginia and in the District of Columbia. Plaintiff's assertion in its statement of compliance that the required publication was effectuated as set out in the

statement is inadequate to establish that the information was in fact published. Accordingly, the plaintiff is DIRECTED to file forthwith a publisher's certificate with a copy of the information as published substantiating publication in the papers of general circulation to which plaintiff has made reference. Furthermore, plaintiff is to file a publisher's certificate, its equivalent, or a copy of the published materials, so as to substantiate the information appearing in the Federal Register.

One must be naive to accept the United States' assertion that it considered no determinative documents or materials in formulating a proposed consent decree in an alleged conspiracy involving unreasonable restraint of interstate trade and commerce when its own complaint makes apparent reference to such materials and documents.[1]

The Court remains concerned, as it was in its earlier order, about plaintiff's negative assertion in the competitive impact statement and now in its statement of compliance. The Court recognizes that consent decrees have been entered where the United States has made similar assertions that no documents or materials were considered determinative. See e.g., *United States v. White Ready-Mix Concrete Co.*, 1980–1 CCH Trade Cases ¶ 63, 659 (W.D. Ohio,1977); *United States v. Mid-American Dairyman, Inc.*, 1977–1 CCH Trade Cases ¶ 61, 508 at 71–975 (W.D.Mo.1977). This Court is not familiar with those cases other than as they were reported. But in the instant case, plaintiff appears to interpret "determinative" as if it means a single crit-

ical or decisive document which evoked a cry of "Eureka!" from the Justice Department. The Government seems to contend that if no *one* document were "determinative" it may refuse to disclose the several documents which were determinative. Although it is conceivable that in some rare case a single document may hold such vital importance it is hardly conceivable that *no* document is of vital importance. Indeed, in most circumstances a determination will be based upon an aggregate of facts, materials, and documents, no one of which may be of overwhelming importance but when viewed together are determinative as to the way in which the United States elects to proceed in a given situation. The materials and documents that substantially contribute to the determination to proceed by consent decree must be disclosed and a list thereof published pursuant to section 2(c) of the Act. 15 U.S.C. § 16(b) and (c).

Accordingly, the United States is DIRECTED to file forthwith such materials and documents which resulted in the submission of a proposed consent decree in this case.[2]

---

1. In its complaint, the United States specifically asserts that "[f]or the purpose of forming and effectuating the aforesaid combination and conspiracy, the defendant and co-conspirators[, inter alia,] ... [s]ubmitt[ed] intentionally high or complimentary bids ... [and s]ubmitt[ed] false, fictitious and fraudulent information to explain to an agent of the Capitol Region Airport Commission the basis for a [submitted] bid...." The Court presumes that these and other "materials" when viewed in the aggregate were determinative in formulating the proposed consent judgment.

2. If and when such materials and documents are submitted and made available for public scrutiny, a list thereof will necessarily have to

be included in a publication conforming to the requirements of Section 2(c) of the Act. In order to forewarn, the Court would note that although the United States' prior publication in the *Richmond Times-Dispatch* may have complied with the letter of Section 2(c) in that the publication ran for "seven days over a period of two weeks," it fell well below the spirit of the statute. The initial date of publication, 19 September 1981, was a Saturday, and thus the published information appeared only during one working week. In the future, the United States shall publish on seven days over a period of two weeks but omit publication on weekends and public holidays.